OPINION
Vincent Ferrugia was charged with Illegal Outdoor Storage in violation of Section 93.46(E) of the Revised Code of General Ordinances of the City of Dayton. After a trial to the court, Ferrugia was found guilty. The court imposed a fine of $100 and court costs and suspended $50 of the fine on condition of no further similar offenses.
On appeal, Ferrugia advances a single assignment of error: The trial court erred by convicting appellant due to the fact that Mr. Tamme failed to swear to the original citation.
The Mr. Tamme referred to in the assignment of error is the housing inspector who issued the citation to Ferrugia. The parties agree that Akron v. Meissner (1993), 92 Ohio App.3d 1 correctly provides that a conviction for a minor misdemeanor is void where the issuing officer serves an unsworn copy of the citation upon the defendant, but does not file the sworn original of the citation with the clerk of courts. See Crim.R. 4.1(D) which provides that "(a) law enforcement officer who issues a citation shall complete and sign the citation form, serve a copy of the completed form upon the defendant and, without unnecessary delay, swear to and file the original with the court."
Notwithstanding Ferrugia's contention that Mr. Tamme failed to file a sworn original citation with the court, an examination of the documents filed with the court belies this contention. A citation signed by Mr. Tamme and bearing a jurat demonstrating that it was sworn and subscribed December 7, 2000, before Denver A. Williams is contained in the original documents of the court and bears a file-stamp of December 7, 2000, at 9:20 a.m.
Accordingly, there is no merit to Ferrugia's assignment of error which is hereby overruled. The judgment appealed from will be affirmed.
GRADY, J. and YOUNG, J., concur.